UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 18, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ACTIVATED CARBON-BASED
HUNTING CLOTHING MARKETING
AND SALES PRACTICES LITIGATION                                          MDL No. 2059

TRANSFER ORDER

     **Before the entire Panel**: Plaintiffs in all five actions move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Eastern District of Wisconsin or the District of Minnesota. All responding defendants[1] agree that centralization is appropriate in four of the five actions; defendants ask that the first-filed District of Minnesota action be excluded from MDL No. 2059 proceedings, because the Minnesota action is more procedurally advanced than the other four actions. Defendants suggest the Western District of Michigan as transferee district; at the Panel hearing session defendants did not object to centralization in the Minnesota district as long as it would not delay the Minnesota action.

     This litigation presently consists of five actions listed on Schedule A and pending in five districts as follows: one action each in the Northern District of Florida, the Northern District of Illinois, the Southern District of Indiana, the District of Minnesota and the Eastern District of Wisconsin.[2]

     On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of allegations that defendants made misrepresentations or omissions in the marketing and sale of odor eliminating hunting clothing (which is made of fabric impregnated with activated-carbon); the clothing is sold under the brand name "Scent-Lok." Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary. Although the Minnesota action is more procedurally advanced than the other four actions in this litigation, significant pretrial proceedings

---

    [1] ALS Enterprises, Inc.; Cabela's Inc. and Cabela's Wholesale, Inc.; Gander Mountain Co.; Bass Pro, Inc., and Bass Pro Shop, Inc.; and Browning, Inc.

    [2] The Panel has been notified that three related actions have recently been filed. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

remain to be done. Moreover, it is likely that substantial efficiencies will occur by including the Minnesota action in MDL No. 2059 proceedings so that discovery and other pretrial proceedings already completed in the Minnesota action can inure to the benefit of the newly-filed actions. *See In re Toys "R" US - Delaware, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litigation*, 581 F.Supp.2d 1377 (J.P.M.L. 2008). We are confident in the transferee judge's ability to manage these MDL proceedings to ensure that they will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions.

We are persuaded that the District of Minnesota is an appropriate transferee district, because (1) the first-filed and most procedurally action is proceeding apace there, and (2) Judge Richard H. Kyle has become familiar with this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Richard H. Kyle for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

IN RE: ACTIVATED CARBON-BASED
HUNTING CLOTHING MARKETING AND
SALES PRACTICES LITIGATION                                        MDL No. 2059

## SCHEDULE A

<u>Northern District of Florida</u>

Dennis Pickering v. ALS Enterprises, Inc., et al., C.A. No. 1:09-87

<u>Northern District of Illinois</u>

Scott Dorris, et al. v. ALS Enterprises, Inc., et al., C.A. No. 1:08-2118

<u>Southern District of Indiana</u>

Thomas Pemberton v. ALS Enterprises, Inc., et al., C.A. No. 1:09-388

<u>District of Minnesota</u>

Theodore Robert Carlson, et al. v. ALS Enterprises, Inc., et al., C.A. No. 0:07-3970

<u>Eastern District of Wisconsin</u>

Julian Beld v. ALS Enterprises, Inc., et al., C.A. No. 2:09-153